SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7124
   FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XINRONG JIANG, <br>     Plaintiff, <br><br> v. <br><br> ALBERTO GONZALES, United States Attorney General, U.S. Department of Justice; <br> MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; <br> EMILIO T. GONZALEZ, Director of United States Citizenship and Immigration Services; <br> DAVID STILL, San Francisco District Director; United States Citizenship and Immigration Services; <br> ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation, <br><br>     Defendants. | No. C 07-2461 HRL <br><br> ANSWER |

Defendants hereby submit their answer to Plaintiff's Complaint for Writ in the Nature of Mandamus and Declaratory Judgment Under 28 U.S.C. § 1361.

1. Paragraph One consists of Plaintiff's characterization of this action for which no answer is necessary; however, to the extent a response is deemed to be required, the Defendants deny that they have improperly withheld action on Plaintiff's application to his detriment.

ANSWER
C07-2461 HRL                          1

**PARTIES**

2. Defendants admit the allegations in Paragraph Two.

3. Defendants admit the allegations in Paragraph Three.

4. Defendants admit the allegations in Paragraph Four.

5. Defendants admit the allegations in Paragraph Five.

6. Defendants admit the allegations in Paragraph Six with the exception that Rosemary Melville is the District Director for District 21.

7. Defendants admit the allegations in Paragraph Seven.

**JURISDICTION**

8. Paragraph Eight consists of Plaintiff's allegations regarding jurisdiction, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny the allegations in this paragraph.

**VENUE**

9. Paragraph Nine consists of Plaintiff's allegations regarding venue, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny the allegations in this paragraph.

**INTRADISTRICT ASSIGNMENT**

10. Paragraph Ten consists of Plaintiff's allegations regarding intradistrict assignment, to which no responsive pleading is required.

**EXHAUSTION OF REMEDIES**

11. Defendants deny the allegations in Paragraph Eleven.

**CAUSE OF ACTION**

12. Defendants admit the allegations in Paragraph Twelve with the exception that the applications were filed on December 21, 2004.

13. Defendants admit the remaining allegations in Paragraph Thirteen.

14. Defendants admit the allegations in Paragraph Fourteen; however, the I-72 request also asked the plaintiff to provide more documentation and indicated "Further Review" of the application.

ANSWER
C07-2461 HRL                                    2

15. Defendants are without sufficient information to admit or deny the allegations in Paragraph Fifteen.

16. Defendants are without sufficient information to admit or deny the allegations in Paragraph Sixteen.

17. Defendants admit the allegations in Paragraph Seventeen.

18. Defendants are without sufficient information to admit or deny the allegations in Paragraph Eighteen.

19. Defendants admit the allegations in Paragraph Nineteen.

20. Defendants admit the allegations in Paragraph Twenty.

21. Defendants admit to Plaintiff's inquiry; however, Defendants are without sufficient information to admit or deny the remaining allegations.

22. Defendants admit the allegations in Paragraph Twenty-Two.

23. Defendants deny the allegations in Paragraph Twenty-Three.

24. Defendants deny the allegations in Paragraph Twenty-Four.

25. Defendants are without sufficient information to admit or deny the allegations in Paragraph Twenty-Five.

26. Defendants deny the allegations in Paragraph Twenty-Six.

27. Defendants deny the allegations in Paragraph Twenty-Seven.  Furthermore, USCIS database do not indicate any Employment Authorization or Advance Paroles filed or pending.

28. Paragraph Twenty-Eight consists of Plaintiff's conclusions of law for which no answer is necessary.

29. Paragraph Twenty-Nine consists of Plaintiff's conclusions of law for which no answer is necessary.

**PRAYER**

30. Paragraph Thirty consists of Plaintiff's prayer for relief and request for fees, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny this paragraph.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The court should dismiss the complaint under Fed. R. Civ. P. 12(b)(6) because Plaintiff cannot establish that Defendants' duty to act is ministerial, that no other adequate remedy is available, or that Plaintiff have a clear right to the relief sought. *See* 28 U.S.C. § 1361.

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for Defendants and against Plaintiff, dismissing Plaintiff's complaint with prejudice; that Plaintiff take nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: July 9, 2007                                     Respectfully submitted,

                                                        SCOTT N. SCHOOLS
                                                        United States Attorney


                                                        _____/s/_____
                                                        ILA C. DEISS
                                                        Assistant United States Attorney
                                                        Attorneys for Defendants